James J. Arendt, Esq.     Bar No. 142937
Ashley N. Reyes, Esq.     Bar No. 312120

WEAKLEY & RATLIFF
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
James@walaw-fresno.com
Ashley@walaw-fresno.com

Attorneys for Defendant, DEPUTY B. GONZALEZ

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CONTRERAS,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY B. GONZALEZ,<br><br>Defendant. | CASE NO. 1:18-CV-01101-AWI-SKO<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>(Doc. 13)<br><br>Complaint Filed: August 16, 2018<br>Trial Date: TBD<br><br>**Public Entity Exempt from Filing Fees Pursuant to Government Code section 6103** |

IT IS HEREBY STIPULATED between the Parties, through their respective legal counsel, and ordered by this Court, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws and privacy rights, the Parties stipulate as follows:

**1. DEFINITIONS**

In this Stipulation and Protective Order, the words set forth below shall have the following meanings

1.1 "Proceeding" means the above-entitled proceeding, United States District Court for the Eastern District of California, Case No. 1:18-cv-01101-AWI-SKO.

/ / /

---

Stipulated Protective Order

1

/ / /

    1.2    "Confidential" means any information which is in the possession of a Designation Party who believes in good faith that such information is entitled to confidential treatment under the applicable law.

    1.3    "Confidential" documents and information contained therein, means any document, testimony, or information as defined below designated as Confidential pursuant to the provisions of this Stipulation and Protective Order.

    1.3.1 This information may include:

a.    Personnel records of any peace officer;

For purposes of this stipulated protective order confidential personnel records of persons employed by Fresno County, include but are not limited to, documents concerning, relating or referring to: background investigations, hiring, appointment, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, admonitions, resulting discipline or retraining.

b.    Fresno County Sheriff's Office records relating to Roberto Contreras;

c.    Fresno County Sheriff's official policies.

    1.4    "Designating Party" is a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    1.5    "Disclosure" or "Disclosure" means to reveal, divulge, give or make available all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter

    1.6    "Expert" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has en retained by a Party or its counsel to serve as an expert witness or as a consultant in this action

    1.7    "House Counsel" is attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel

Stipulated Protective Order

2

///

1.8 "Non-Party" is any natural person, partnership, corporation, association or other legal entity not names as a party to this location.

1.9 "Outside Counsel of Record" are attorneys who are not employees of a party to This action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

1.10 "Party" is any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.11 "Producing Party" is a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.12 "Professional Vendor" is any persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13 "Professional Material is any Disclosure or Discovery Material that is designated as "confidential."

1.14 "Receiving Party" is a Party that receives Disclosure or Discovery Material from a Producing Party.

**2. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined in paragraph 1.3), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information:

(a) Any information that is in the public domain at the time of disclosure to the Parties or becomes part of the public domain after its disclosure to the Parties as a result of

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

  (b)  Any information known to the Parties prior to the disclosure or obtained by the Parties after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Parties. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3. DURATION**

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law

**4. DESIGNATION PROTECTIVE MATERIAL**

  The Parties contend that certain documents that may be requested in discovery are eligible for protection under a protective order, including, but not limited to, information from peace officer personnel files. Under California law, peace officer personnel files are subject to statutory protection by the Peace Officer Bill of Rights (Cal. Gov. Code §3301), the Official Information Privilege, as well as other statutes and doctrines.

  4.1  Defendant shall produce the Protected Material, subject to this Protective Order on the following conditions:

  <u>Redaction of Confidential Information.</u> Considering the privacy concerns contained in the personnel and internal investigation records, Defendant shall redact the personal identifying information (social security numbers, dates of birth, driver's license number, home addresses, telephone numbers, financial and credit histories, medical and psychological information) for defendant deputies and non-defendant deputies. For victims, witnesses, complainants, inmates, detainees, and arrestees, the last four digits of the social security number, date of birth, driver's

license number, home address, and telephone number will be provided without redaction. Defendant shall also redact the identities of domestic violence victims electing to remain confidential under California Penal Code section 293.

  4.2 <u>Manner and Timing of Designations</u>. Designation in conformity with this Order requires:

  (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Defendant affixes "Confidential Material Subject to Protective Order" or "Confidential Material Subject to Protective Order – Counsel Only" (hereinafter collectively "Protected Material") to each page of the protected material.

  (b) For testimony given in deposition or in other pretrial or trial proceedings that Defendant identifies on the record, before the close of the deposition, hearing, or other proceeding, as protected testimony.

  (c) For information produced in some form other than documentary and for any other tangible items, that Defendant affixes the confidential designation in a prominent place on the exterior of the container or containers in which the information or item is stored.

  4.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Defendant's right to secure protection under this Order for such material. Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  4.4 <u>Exercise of Restraint and Care in Designation Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5. ACCESS TO AND USE OF PROTECTIVE MATERIAL**

5.1     Basic Principles. The Parties may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Parties must comply with the provisions related to final disposition.

Protective material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2     Disclosure of Protective Material. Unless the Court Orders otherwise, Protected Material and the information contained therein may be disclosed only to the following persons:

      (a)     Counsel of record and the named parties;

      (b)     Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

      (c)     The court and its personnel;

      (d)     Stenographic reporters and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

      (e)     Any outside expert or consultant retained by the parties for purposes of this litigation;

      (f)     Witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not

leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order;

    (g)    Mock jury participants, provided that prior to the Disclosure of Confidential Materials counsel for the party making the disclosure, shall deliver a copy of this Stipulated Protective Order to such person, inform them of the confidential nature of the documents, and they agree to be bound by the terms of this order. Further, any mock jury participant may not leave with copies of any of the confidential documents

    (h)    Any person expressly named and agreed to in writing by the parties.

    (i)    Notwithstanding the foregoing, protected health information may be disclosed to the person about whose health the information refers.

    (j)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order or as agreed by the Designating Party.

    5.3    Nothing in this protective order is intended to prevent officials or employees of the County of Fresno, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

    5.4    Confidential information produced pursuant to this Protective Order may not be delivered, exhibited, emailed, texted or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio, television, social and electronic media sites such as Twitter, Instagram, Facebook and LinkedIn.

    5.5    No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In

addition, any information that is designated confidential and produced by Defendant does not lose its confidential status due to any inadvertent or unintentional disclosure.

## 6. PROTECTIVE MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in any other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

(a) Promptly notify Defendant in writing. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Defendant whose Protected Material may be affected.

If Defendant timely seeks a protective order, the Parties shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Parties have obtained the Defendant's permission. Defendant shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

## 7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

(a) With the exception of disclosure pursuant to the above set forth paragraphs, each person to whom the Parties' counsel discloses confidential information or Protected Material shall, prior to the time of disclosure, be provided with a copy of this Protective Order and shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b) Plaintiff's and Defendant's counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of

this litigation, including appeals. Plaintiff's and Defendant's counsel are responsible to ensure that these individuals comply with this protective order.

  (c) If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify Defendant in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) were made of all the terms of this Protective Order and provide them with a copy, (d) request that person or persons execute the "Acknowledgment and Agreement".

## 8. MISCELLANEOUS

  8.1 <u>Right to Assert Other Objections.</u> With the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  8.2 <u>Filing Protective Material</u>. All Protective Material that is filed with the Court shall be filed with a request to seal documents in accordance with the applicable laws. Upon failure of the filing party to file confidential documents under seal, any party may request that the Court place the document under seal.

## 9. FINAL DISPOSITION

  Within 60 days after the final disposition of this action, Plaintiff must return all Protected Material to Defendant or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiff must submit a written certification to Defendant by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

DATED: April 8, 2019

WEAKLEY & ARENDT
A Professional Corporation

By: /s/ *James J. Arendt*
James A. Arendt
Ashley N. Reyes
Attorneys for Defendant

DATED: April 8, 2019

Law Office of Kevin G. Little

/s/ *Kevin G. Little*[1]
Kevin G. Little
Attorney for Plaintiff

IT IS SO ORDERED.

Dated: **April 9, 2019**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[1] Electronic signature authorized April 7, 2019 via email.