1

2

3

4

5               **UNITED STATES DISTRICT COURT**

6               **EASTERN DISTRICT OF CALIFORNIA**

7

8    ROBERTO CONTRERAS,                    CASE NO.  1:18-cv-01101-AWI-SKO

9                    Plaintiff,            **ORDER ON PARTIES' MOTIONS IN
                                           LIMINE**
10          v.

11   DEPUTY B. GONZALEZ,
                                           (Doc. Nos. 33 and 34)
12                   Defendant.

13

14         On September 21, 2020, the Court held a telephonic hearing regarding the motions in

15   limine filed by the Parties in this action.[1] Doc. Nos. 33 and 34. Kevin Little appeared

16   telephonically for Plaintiff. Doc. No. 40. James Arendt and Ashley Reyes appeared telephonically

17   for Defendant. Id. The Court reviewed the Parties' submissions in connection with the motions

18   and considered the arguments of counsel on the record. The Court ruled from the bench on the

19   motions and incorporates those rulings herein. For the reasons described on the record and set

20   forth below, the Court issues the following order on Plaintiff's motions in limine and on

21   Defendant's motions in limine.

22                   **PLAINTIFF'S PRETRIAL MOTIONS IN LIMINE**

23   **1.       Plaintiff's Motion in Limine No. 1: Undisclosed Evidence or Witnesses**

24         Plaintiff moves pursuant to Federal Rule of Civil Procedure 26(a) and (e) to exclude any

25   evidence or witnesses not timely disclosed during discovery. Defendant does not oppose the

26

---

27   [1] Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the
     evidence is actually offered." Luce v. U.S., 469 U.S. 38, 40 n.2 (1984). "Although the Federal Rules of Evidence do
28   not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority
     to manage the course of trials." Id. at 41 n.4.

1   motion. If a party fails to identify a witness or make a disclosure that is required under Federal

2   Rule of Civil Procedure 26(a) or (e), Rule 37(c)(1) provides "the party is not allowed to use that

3   information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

4   was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Plaintiff's motion in limine #1 is

5   therefore GRANTED and, consistent with the Federal Rules of Civil Procedure, will apply with

6   equal force to Plaintiff and Defendant.

7   **2.       Plaintiff's Motion in Limine No. 2: Evidence of Past Substance Abuse and Arrests**

8        Plaintiff moves pursuant to Federal Rule of Evidence 404(a) to preclude Defendant from

9   introducing: (1) any evidence suggesting past substance abuse on Plaintiff's part; (2) evidence of

10   later arrests of Plaintiff unrelated to the incident at issue in this case; and (3) evidence of a juvenile

11   arrest Plaintiff had over 15 years ago, which has since been dismissed. Plaintiff asserts that he

12   does not have any prior criminal offenses that would be admissible for purely impeachment

13   purposes under Federal Rule of Evidence 609, and that, consequently, the foregoing evidence

14   would serve only to label him as a "bad person." Finally, Plaintiff argues that "[a]t minimum, the

15   defense should be required to make a detailed offer of proof regarding any such evidence, whether

16   intended to be used as either substantive or impeachment evidence, outside of the presence of the

17   jury prior to asking the plaintiff about it on cross-examination, in order to prevent inappropriate

18   and prejudicial matters from being heard by the jury." Defendant does not oppose the motion to

19   the extent it does not apply to evidence admissible for impeachment purposes under Federal Rule

20   of Evidence 609. Further, Defendant asserts the right to introduce the evidence at issue in this

21   motion should Plaintiff somehow open the door to such evidence at trial.

22        Plaintiff's motion in limine #2 is therefore GRANTED, subject to the caveat that

23   Defendant may make an offer of proof outside the presence of the jury to the extent Defendant

24   comes into possession of character evidence that Defendant believes in good faith to be admissible

25   and/or the extent Defendant believes in good faith that Plaintiff has done something to open the

26   door to the evidence at issue in this motion.

27   **3.       Plaintiff's Motion in Limine No. 3: Information Not Known at Time of Incident**

28        Plaintiff moves to preclude Defendant from justifying Defendant's alleged arrest of

2

1  Plaintiff on the basis of "any information other than that known to [Defendant] at the time of the

2  incident," contending an arrest "must be justified based on the information then known to him, not

3  later-acquired information." Defendant opposes this motion to the extent it assumes Plaintiff was

4  arrested and not merely detained. Further, Defendant argues this motion is vague in that Plaintiff

5  has not specified what information was supposedly unknown to Defendant at the time of the

6  incident.

7       Plaintiff is correct that a core question in cases such as these is "whether the officers'

8  actions are 'objectively reasonable' in light of the facts and circumstances confronting them" and

9  that reasonableness "must be judged from the perspective of [an] officer on the scene, rather than

10  with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396-97 (1989).

11  Consequently, it is improper to "consider evidence of which [an officer was] unaware" in

12  determining whether an officer's actions were reasonable. Glenn v. Washington County, 673 F.3d

13  864, 873 n. 8 (9th Cir. 2011). The Court agrees with Defendant, however, that the motion is

14  unduly vague and fails to identify what information Plaintiff is seeking to exclude. As such, it

15  reads more like a request for an evidentiary sanction than a motion in limine. Plaintiff's motion in

16  limine #3 is therefore DENIED without prejudice to renewing the motion at trial with respect to

17  specified evidence.

18  **4.    Plaintiff's Motion in Limine No. 4: Opining on Credibility of Witnesses**

19       Plaintiff seeks to exclude "testimony that purports to opine as to the credibility of any

20  witness or party." Defendant does not object to the motion, assuming Defendant does not seek to

21  preclude him from exploring a witness or party's character as permitted under Federal Rule of

22  Evidence 607 or 608(a). Plaintiff, for his part, gives no indication that he is seeking to exclude

23  evidence admissible under Rule 607 or Rue 608(a) and provides no grounds for doing so.

24  Accordingly, Plaintiff's motion in limine #4 is GRANTED. To the extent, the defense believes

25  there is evidence admissible under Rule 607 or Rule 608(a) of the Federal Rules of Civil

26  Procedure, defense counsel shall raise that issue outside the presence of the jury.

27  **5.    Plaintiff's Motion in Limine No. 5: Privilege**

28       Plaintiff seeks to exclude any mention of any item that was withheld by the defense on the

1 basis of privilege, contending "[i]ssues to which a party claims a discovery privilege cannot be

2 waived as a matter of convenience at trial[.]" "A party cannot make factual assertions based on a

3 supposedly privileged document, and then deny its adversary an opportunity to uncover the

4 foundation for those assertions in order to contradict them. [Citations.] [¶] In a similar vein, a

5 party cannot introduce a document as evidence while denying the opponent sufficient discovery

6 with respect to the 'surrounding circumstances and substance' of the document. [Citation.]"

7 Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D. 303, 311 (E.D. Pa. 2007). A privilege

8 holder " 'may elect to withhold or disclose, but after a certain point his election must remain

9 final.' " Weil v. Investment/Indicators, Research and Management, Inc., 647 F.2d 18, 24 (9th

10 Cir.1981) (quoting VIII J. Wigmore, Evidence § 2291, at 636 (McNaughton rev. 1961)). Further,

11 Defendant does not oppose the motion. Plaintiff's motion in limine #5 is therefore GRANTED.

12 **6.**　　　**Plaintiff's Motion in Limine No. 6: Evidence of Bias Such as Prior Interactions with**

13 　　　　　**Members of Law Enforcement Agency**

14 　　　　Plaintiff seeks to exclude "any collateral evidence that might be introduced to demonstrate

15 bias, such as any prior interactions with members of a law enforcement agency." Defendant does

16 not oppose the motion as a general matter but asserts that it lacks specificity and reserves the right

17 to revisit the subject matter of the motion to the extent warranted by events at trial. Accordingly,

18 Plaintiff's motion in limine #6 is GRANTED, subject to the caveat that either side may make

19 offers of proof at trial, outside the presence of the jury, for admission of evidence within the scope

20 of the motion.

21 **7.**　　　**Plaintiff's Motion in Limine No. 7: Exclusion of Expert Testimony as Unhelpful to**

22 　　　　　**Trier of Fact**

23 　　　　Plaintiff seeks to exclude the defense's law enforcement expert testimony "because it is

24 unhelpful to the trier of fact, and thus is inadmissible under Federal Rule of Evidence 702(a)."

25 Further, Plaintiff asserts that the defense expert's opinion that Defendant acted appropriately

26 ignores Plaintiff's factual allegations and improperly usurps the jury's role as factfinder.

27 Defendant contends that his retained expert on police procedures is entitled to explain the

28 importance of the use of force standards and reasonableness behind Defendant's detention of

1    Plaintiff because these are topics outside the scope of "common sense."  Further, Defendant states

2    that his expert will not testify to any legal conclusions or the credibility of the parties, and that

3    "[g]enerally, his testimony will address reasonable and accepted practices in law enforcement and

4    will apply these standards to questions in the form of hypothetical facts."

5         "[A]n expert witness cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on

6    an ultimate issue of law." Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1066

7    n.10 (9th Cir. 2002) (emphasis original) (citing McHugh v. United Serv. Auto. Ass'n, 164 F.3d

8    451, 454 (9th Cir.1999) and United States v. Duncan, 42 F.3d 97, 101 (2d Cir.1994)). Thus,

9    experts may not opine, for example, on whether there was probable cause for an arrest. Miller v.

10   Schmitz, 2013 WL 5754945, at *1 (E.D. Cal. Oct. 23, 2013); see also, Torres v. City of Los

11   Angeles, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (the district court abused its discretion when it

12   denied a motion in limine seeking to preclude witnesses from testifying as to whether there was in

13   fact probable cause for an arrest); Estes v. Moore, 993 F.2d 161, 163 (8th Cir.1998) (district court

14   was correct  in excluding expert testimony as to whether probable cause for arrest existed). An

15   expert witness is permitted, however, to provide testimony on "underlying matter that may be

16   relevant to determining probable cause," including applicable law enforcement standards and

17   whether a given set of facts satisfies those standards. Miller, 2013 WL 5754945 at *1; see also,

18   Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1212–13 (D.C.Cir.1997)

19   ("[A]n expert may offer his opinions as to the facts that, if found, would support a conclusion that

20   the legal standards at issue was satisfied, but he may not testify as to whether the legal standard

21   has [in fact] been satisfied."); Sanfilippo v. Foster, 2012 U.S. Dist. LEXIS 119898, *6–7 (E.D.

22   Cal. Aug. 23, 2012) (stating that "[i]n the specific context of excessive force, proper expert

23   testimony can discuss 'policies and professional standards of practice' ").

24        Reviewing the report submitted by Defendant's proposed law enforcement expert, the

25   Court sees some statements that appear to constitute admissible expert testimony and some

26   statements that do not appear to constitute admissible expert testimony under the law set forth

27   above. For example, it appears, at first blush, that expert testimony regarding police training, as

28   well as law enforcement protocol in pursuit and detention situations could be proper, whereas

1   testimony regarding the believability of Contreras's statements regarding the incident would

2   probably not be. The Court will, therefore, take this motion under submission and conduct a

3   hearing prior to any prospective expert testimony, at which point the Court will make specific

4   determinations regarding which portions, if any, of the proffered expert testimony are admissible.

5   **8.       Plaintiff's Motion in Limine No. 8: Opinion Evidence Regarding Probable Cause and**

6           **Other Issues of Law**

7           Plaintiff seeks to preclude any trial witness from opining as to whether or not probable

8   cause existed, whether a particular item or category of evidence was exculpatory, whether the

9   evidence was sufficient to convict plaintiff at trial, or any other opinions on issues of law, since

10  "[a]ny such testimony would constitute improper opinion evidence, and also be inadmissible under

11  Federal Rules of Evidence 401-403." Defendant does not object to the motion, to the extent

12  Plaintiff is generally seeking to preclude testimony "concerning opinions on issues of law," but

13  argues that Defendant, himself, will necessarily be required to testify, from the perspective of a

14  reasonably well-trained law enforcement officer, that there were sufficient facts to detain Plaintiff

15  and that the manner in which this detention was carried out was proper. Further, Defendant

16  contends he will need to testify why this encounter was a detention and not an arrest, and that his

17  police practices expert may offer opinions as to the facts that, if found, would support a conclusion

18  that applicable legal standards were satisfied.

19          As set forth above, witnesses are generally barred from opining on "an ultimate question of

20  law," including probable cause. Mukhtar, 299 F.3d at 1066 n.10; Duran v. City of Porterville,

21  2015 WL 5598933, at *4 (E.D. Cal. Sept. 22, 2015); Miller, 2013 WL 5754945 at *1. A percipient

22  witness may testify, however, to whether he or she believed there was legitimate reason for an

23  arrest or whether events evidenced a basis for criminal prosecution, in addition to testifying to

24  what transpired at a scene. Duran, 2015 WL 5598933 at *4; Miller, 2013 WL 5754945 at *1.

25  Further, it can be prejudicial to preclude a defendant police officer from testifying to his belief that

26  he acted with probable cause. Duran, 2015 WL 5598933 at *4.

27          This motion is therefore GRANTED IN PART and DENIED IN PART. Plaintiff's motion

28  in limine # 8 is GRANTED as to opinions from non-percipient witnesses on ultimate questions of

1   law, including, specifically, probable cause, with the caveat that, per the Court's order on

2   Plaintiff's motion in limine #7, specific determinations as to the admissibility of expert testimony

3   will be made following hearings. The motion is DENIED, however, as to testimony by Defendant,

4   who will be permitted to testify to his belief as to the propriety of his conduct. Similarly, this order

5   does not bar percipient witnesses, including percipient law enforcement personnel, from testifying

6   to their beliefs as to whether actions taken by Defendant were justified. See Duran, 2015 WL

7   5598933 at *4. Issues within the scope of this motion that are not squarely resolved by this order

8   can be addressed through hearings outside the presence of the jury during trial.

9   **9.        Plaintiff's Motion in Limine No. 9: Prior Findings of Wrongdoing**

10          Plaintiff seeks to exclude any evidence offered as to the lack of prior findings of

11   wrongdoing by Defendant or any police officer witness. Defendant does not oppose the motion.

12   Plaintiff's motion in limine # 9 is therefore GRANTED.

13   **10.      Plaintiff's Motion in Limine No. 10: Preservation of Motions in Limine and**

14   **         Objections for Appeal**

15          Plaintiff seeks an order that all motions in limine and objections be deemed preserved for

16   purposes of appeal and need not be reiterated. Defendant does not oppose the motion. Further, the

17   motion is consistent with the Court's view and practices with respect to the preservation of

18   motions in limine and objections for appeal. Plaintiff's motion in limine # 10 is therefore

19   GRANTED.

20   **11.      Plaintiff's Motion in Limine No. 11: Personal Payment of Judgment**

21          Plaintiff seeks an order barring the defense from arguing or suggesting that Defendant will

22   have to pay any judgment against him personally. Defendant does not oppose the motion.

23   Plaintiff's motion in limine # 11 is GRANTED.

24                          **DEFENDANT'S MOTIONS IN LIMINE**

25   **1.        Defendant's Motion in Limine No. 1: Undiscounted Medical Bills**

26          Defendant seeks to preclude "any evidence which might inform, imply or suggest to the

27   jury the amount of Plaintiff's undiscounted past or future medical bills." In other words,

28   Defendant seeks an order limiting Plaintiff to "evidence as to the dollar amount actually incurred

1  or to be incurred" for medical services, whether such medical services are paid for by Plaintiff or

2  his insurance company. Defendant argues, based largely on *Howell v. Hamilton Meats &*

3  *Provisions, Inc.*, 52 Cal.4th 541 (2011), that evidence of "undiscounted" medical bills should be

4  excluded as irrelevant, prejudicial, time-wasting and confusing, notwithstanding California's

5  "collateral source doctrine," because undiscounted bills do not reflect the amount paid for or the

6  reasonable value of medical services. [2] Further, Defendant asserts that the unadjusted bills

7  themselves are inadmissible hearsay under Rule 801. Plaintiff argues in opposition that federal

8  common law—not California law—applies here and that no federal court has found that *Howell* is

9  consistent with federal common law. On reply, Defendant states that there is no Ninth Circuit or

10  Supreme Court authority directly on point and argues, based on *Hill v. Novartis Pharm. Corp.*,

11  944 F. Supp. 2d 943 (2013), that California law is "persuasive authority on the interpretation of

12  Federal Rules of Evidence 401, 402 and 403."

13       This motion raises a complex issue involving the collateral source doctrine has not been

14  squarely addressed by controlling authority. The Court will take Defendant's motion in limine #1

15  under submission and hold a hearing on it outside the presence of the jury prior to the damages

16  phase of this trial, after Plaintiff has made a proffer as to what medical expenses he is claiming,

17  should these proceedings progress to that stage.

18  **2.**       **Defendant's Motion in Limine No. 2: Insurance Coverage**

19       Defendant moves to preclude Plaintiff's counsel from making any inquiry, comment or

20  argument concerning the existence or potential existence of insurance coverage for Defendant or

21  his employer, the County of Fresno. Plaintiff does not oppose the motion, provided Plaintiff's

22  motion in limine #11, which addresses similar subject matter, is granted. As set forth above, the

23  Court granted Plaintiff's motion in limine #11 and Defendant's motion in limine #2 is therefore

24  GRANTED as well.

25  //

26

27  [2] The "collateral source doctrine" encourages the purchase of insurance by allowing plaintiffs to recover all economic losses even where they receive payment covering some portion of the loss from an insurance company or other third party unrelated to the defendant. See Howell, 52 Cal.4th at 563–64. California courts have held, however, that

28  discounting by medical providers does not constitute third-party payments and thus does not implicate the "collateral source doctrine" under California law. Federal common law may differ on this point.

**3.      Defendant's Motion in Limine No. 3: Enhancing Safety of Community by Eliminating Dangerous Law Enforcement Conduct**

Defendant moves to preclude Plaintiff's counsel from making any inquiry, comment or argument about the jury's having the power to improve the safety of their community by rendering a verdict that will reduce or eliminate dangerous law enforcement conduct, such as that alleged against Defendant. Defendant contends that inquiry, comment or argument relating to community safety and law enforcement conduct would violate established precedent prohibiting argumentative appeals to jurors' self-interest. Plaintiff argues in opposition that Ninth Circuit case law indicates that references in argument to the conscience of the community are not necessarily problematic and that a "blanket prohibition on any variant of a 'conscience of the community' argument would be improper." Further, Plaintiff argues that Defendant's motion fails to specify that variants of a "conscience of the community" argument would be barred. On reply, Defendant specifically requests that Plaintiff be precluded "from making any argument to the jury concerning their safety or the safety of the community, as well as any arguments that would place the jury in the Plaintiff's skin."

Plaintiff is correct that "[a]ppeals to the jury to act as a conscience of the community" are not categorically impermissible, see People of Guam v. Quichocho, 973 F.2d 723, 727 (9th Cir. 1992), but the Ninth Circuit has drawn a line between "permissible oratorical flourish" and "impermissible comment calculated to incite the jury against the accused." United States v. Lester, 749 F.2d 1288, 1301 (9th Cir.1984) (citation and internal quotation marks omitted). Further, Defendant's motion, as narrowed on reply, is directed squarely at argument concerning the safety of jurors and the community and argument placing "the jury in the Plaintiff's skin."

Defendant's motion in limine #3 is therefore GRANTED as to inquiry, comment or argument regarding the safety of jurors and the community, as the scope of the motion is narrowed (or clarified) in Defendant's reply. The parties may raise specific issues relating to the scope of opening statements and closing arguments before opening statements or closing arguments are made, outside the presence of the jury.

//

9

**4.      Defendant's Motion in Limine No. 4: Exclude Witnesses from Courtroom Pending Testimony**

Defendant moves to exclude potential witnesses from the courtroom prior to completing their testimony. Plaintiff does not oppose the motion. Defendant's motion in limine #4 is therefore GRANTED. Consistent with the Court's usual practice, the Court will expect counsel to ensure that there are no prospective witnesses in the courtroom during the testimony of another witness. Further, witnesses subject to recall will be required to exit the courtroom until called back or excused, while excused witnesses may exit or remain in the courtroom following their testimony at their election.

**5.      Defendant's Motion in Limine No. 5: Putting Jury in Plaintiff's Position for Damages**

Defendant moves to preclude Plaintiff's counsel from making any inquiry, comment or argument suggesting that jurors should base Plaintiff's damages, if any, on an amount that jurors would envision for themselves or a loved one based on similar harms. Plaintiff does not oppose the motion. Defendant's motion in limine #5 is therefore GRANTED.

**6.      Defendant's Motion in Limine No. 6: Bifurcation of Punitive Damages Phase of Trial**

Defendant moves to bifurcate the punitive damages phase of the trial. Plaintiff does not oppose the motion and the Court envisions that, to the extent necessary, the trial will proceed in four stages to the extent progression is warranted: (i) liability; (ii) damages; (iii) punitive liability; and (iv) punitive damages. Defendant's motion in limine #6 is therefore GRANTED.

IT IS SO ORDERED.

Dated:   November 24, 2020                   _____

                                          SENIOR  DISTRICT  JUDGE